IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ABEL J. DEDEAUX, #L6562**                                                             **PETITIONER**

**VERSUS**                                               **CIVIL ACTION NO. 1:06cv406LG-RHW**

**JAMES BREWER, Warden;**
**and JIM HOOD, Attorney General**                                       **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Abel J. Dedeaux, an inmate of the Mississippi Department of Corrections, currently incarcerated at the Mississippi State Penitentiary, Parchman, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. On April 21, 2006, Petitioner was ordered to file an amended petition to provide specific information regarding the exhaustion of his state court remedies. On May 8, 2006, Petitioner filed his response [4-1]. As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed petitioner's allegations and has reached the following conclusions.

Petitioner was convicted of robbery and leaving the scene of an accident in the Circuit Court of Harrison County, Mississippi on July 14, 2003. Thereafter, Petitioner was sentenced to serve five years in the custody of the Mississippi Department of Corrections, with two years suspended for his leaving the scene of an accident conviction. In addition, Petitioner was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections, with twelve years suspended and three years post-release supervision for his robbery conviction. Petitioner states that he was credited with thirty-four months time served. Petitioner further states that his probation was revoked on February 28, 2005, and he was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections. Petitioner complains that the

sentencing court only had "authorization" to sentence him to the remainder of his original sentence, which he claims is twelve years. *See Petition* [1-1] at p. 6. Petitioner presents the following grounds for habeas relief: (1) his conviction was obtained by the unconstitutional failure of the prosecution to disclose favorable evidence; (2) his conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge and consequences; (3) he was denied his right to appeal; and (4) his conviction was obtained by a violation of the protection against double jeopardy. Petitioner states in his amended petition that his attorney refused to file a direct appeal on his behalf and he has not filed for post-conviction collateral relief with the state courts.

It is a fundamental prerequisite to federal habeas relief that Petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is an absence of available State corrective process; or
>
> (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief."  *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).  Petitioner has an available state court remedy under the Mississippi Uniform Post-Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-91, *et. seq*.  Specifically, the Act provides that a prisoner who claims that "his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody" may make a motion under this chapter.  MISS. CODE ANN. §§ 99-39-5 (1)(g).

It is apparent from the record that Petitioner has not exhausted his available state remedies.  A habeas Petitioner who has failed to exhaust all of his post-conviction remedies has not asserted a cognizable right to federal habeas relief under Section 2254.  *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997). As such, Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be dismissed, without prejudice, for Petitioner's failure to exhaust his available state remedies.

A Final Judgment in accordance with this Memorandum Opinion and Order will be issued this date.

**SO ORDERED AND ADJUDGED** this the 3rd day of August, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE